IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SYLVESTER L. EVANS, JR.**                                                                    **PLAINTIFF**

v.                                                    **CAUSE NO. 1:18CV102-LG-RHW**

**GULFPORT P.D.**                                                                            **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court upon plaintiff Evans' failure to respond to the Court's Order. When Evans' application to proceed in forma pauperis was granted, the Court advised him that the defendant he had named, the Gulfport police department, was not a legal entity that could be sued. (*See* Order & Advisory 1-2, ECF No. 4). He was required to file an amended complaint naming a proper defendant and explaining the factual basis for his claims. (*Id.* at 2). He was warned that failure to do so by April 30, 2018 could result in dismissal of his claims. This date has passed without any response from Evans.

The Court has the authority to dismiss an action for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Evans did not comply with the Court's Order even after being warned that failing to comply would result in the dismissal of his lawsuit. Furthermore, the only defendant he named is not a separate entity that can be sued. *See Moore v. City of Columbus*, No. 1:12cv50-DAS, 2012 WL 2562841, at *2 (N.D. Miss. June 29, 2012). For these reasons, dismissal of Evans' claims without prejudice is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this cause is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2nd day of May 2018.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
U.S. District Judge